**Lindon GOJCEVIC, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 04–4320–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 23, 2006.

S. Gjoni, New York, New York, for Petitioner.

Gregory G. Lockhart, United States Attorney for the Southern District of Ohio, Marcia J. Harris, Assistant United States Attorney, Columbus, Ohio, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lindon Gojcevic, through counsel, petitions for review of the BIA decision denying him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an affirmance without opinion, we review the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual and credibility findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude the contrary. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). The Court reviews *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005).

■ Here, the IJ properly found that although Gojcevic "may have been harassed ... and intimidated in June of 2000," such mistreatment did not rise to the level of persecution.

■ Next, the IJ considered Gojcevic's "claim [ ] that he has a reasonable fear of future persecution should he be returned to his native country because he will be jailed and persecuted as an ethnic Albanian because he is a draft evader." The IJ properly found that Gojcevic had no objective, reasonable fear of future persecution because, according to the 2001 State Department Country Report, the government of Montenegro has granted amnesty to draft evaders who (like Gojcevic) refused to take up arms from April of 1992 until October 7th of 2000. Finally, the IJ reasonably concluded that the background materials suggested that the situation for ethnic minorities has improved since Gojcevic left the country.

These findings were substantially supported by the evidence in the record. The IJ therefore denied Gojcevic asylum and withholding of removal, based upon his failure to establish his eligibility for relief. The IJ also correctly denied Gojcevic CAT relief, finding that he failed to give sufficient evidence to show that it was more likely than not that he would be tortured if he returned to Montenegro. Accordingly, Gojcevic's petition for review is DENIED.

Having completed our review, the pending motion for a stay of removal in this petition is DENIED.